UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA

No. 14-7149
(1:12-cv-01539-CRC)

STEPHEN THOMAS YELVERTON,    Appellant,

v.

WENDELL W. WEBSTER, CHAPTER 7
TRUSTEE, et al.    Appellees.

**APPELLEE'S OPPOSITION TO MOTION TO DISMISS SETTLEMENT ORDER FOR LACK OF BANKRUPTCY AND FEDERAL SUBJECT MATTER JURISDICTION**

Appellee Wendell W. Webster, the Chapter 7 Trustee in Bankruptcy for Stephen Thomas Yelverton, respectfully opposes the Appellant's Motion to Dismiss Settlement Order for Lack of Bankruptcy and Federal Subject Matter Jurisdiction on the following grounds:

**I.   Introduction.**

This appeal was filed by the Appellant on September 19, 2014, appealing certain orders issued by the U.S. District Court for the District of Columbia ("District Court"), affirming the orders of the U.S. Bankruptcy Court for the District of Columbia ("Bankruptcy Court") approving and upholding a litigation settlement entered into by Appellant's bankruptcy trustee. Appellant is the Debtor in a Chapter

7 bankruptcy case currently pending in the Bankruptcy Court. Appellee is the Chapter 7 Trustee, responsible for the administration of the assets of Appellant's bankruptcy estate. The principal assets of the bankruptcy estate consist of shares of stock owned by Appellant in a family business and certain related causes of action asserted by Appellant in litigation originally filed by Appellant against his family members. Appellant sought a mandatory buyout of his stock and other alleged damages with respect to his ownership interest in the family business. Appellee negotiated a settlement of the litigation, providing for the transfer of Appellant's stock and the mutual release of all claims in consideration of a lump sum cash payment to the bankruptcy estate in the amount of $110,000. The settlement was approved by the Bankruptcy Court pursuant to applicable bankruptcy rules and over the objection of the Appellant. After unsuccessfully challenging the validity of the settlement for the past two years, Appellant now seeks the dismissal of the order approving the settlement on the grounds that the Bankruptcy Court lacked subject matter jurisdiction over the settlement of the litigation. However, the litigation claims settled by the Appellee were assets of the bankruptcy estate and the Bankruptcy Court had jurisdiction to determine whether the settlement was in the best interest of the bankruptcy estate.

**II.   Argument.**

The law is well settled that a judgment is valid whenever the court that renders it has jurisdiction over the subject matter and the parties.  See Stoll v. Gottlieb, 305 U.S. 165, 171-172 (1938).  Pursuant to 28 U.S.C. § 1334(a), federal bankruptcy jurisdiction is vested in the various district courts.  However, Title 28 provides that a district court may refer bankruptcy matters to the bankruptcy court of that jurisdiction.  Upon referral from a district court, § 157(b)(1) of title 28 authorizes bankruptcy judges to hear and determine all cases under title 11 and all core proceedings arising under title11, or arising in a case under title 11.  In such cases, bankruptcy courts may enter appropriate orders and judgments, subject to the review of the district court.  The referral of bankruptcy matters in this jurisdiction is made pursuant to local rule 5011-1, which provides in pertinent part as follows:

> Pursuant to 28 U.S.C. § 157(a), all cases under Title 11 [Bankruptcy Code] and all proceedings arising under Title 11 [Bankruptcy Code] or arising in or related to a case under Title 11 [Bankruptcy Code] are referred to the Bankruptcy Judge of this District.

See DCt. LBR Rule 5011-1.

Accordingly, the Bankruptcy Court for the District of Columbia is statutorily authorized to hear and decide all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11.  Section 157(b)(2) of title 28 defines

3

core proceedings to include, by way of example, matters concerning the administration of the bankruptcy estate and the disposition of property of the estate. In this matter, the Bankruptcy Court had jurisdiction over the Debtor's stock and the related causes of action included in the Trustee's settlement, given that the Debtor owned the stock and related causes of action at the time of the Debtor's bankruptcy filing. Pursuant to Section 541(a)(1) of the Bankruptcy Code, the commencement of a bankruptcy case creates an estate which includes all legal and equitable interests of the debtor in property as of the date of commencement. 11 U.S.C. § 541(a)(1); see also In re De Hertogh, 412 B.R. 24, 29 (Bankr. D. Conn. 2009)(the filing of a petition creates an estate consisting of all property of the debtor as of the petition date, including causes of action possessed by debtor); In re Ontos, Inc., 478 F.3d 427, 429 (1st Cir. 2007)(The Bankruptcy Code broadly defines the property of the estate to be comprised of all 'legal or equitable interests of the debtor in property as of the commencement of the case' [citing 11 U.S.C. § 541(a)(1)]).

There is no legitimate dispute that the Debtor owned the stock in his family business, as well as the litigation claims, at the time of the commencement of his bankruptcy case. In fact, the Debtor acknowledges the ownership of the stock and litigation claims in his bankruptcy schedules. See Docs 22 & 348, Chapter 7 Case No. 09-00414. Accordingly, the Appellant's argument that the litigation claims

4

included in the Trustee's settlement agreement arose post-petition is without merit.

For all these reasons, the Appellee respectfully requests that the Appellant's Motion to Dismiss Settlement Order for Lack of Bankruptcy and Federal Subject Matter Jurisdiction be denied.

/s/ Natalie S. Walker
Natalie S. Walker
Webster & Fredrickson, PLLC
1775 K Street, NW
Suite 600
Washington, DC 20006
(202) 659-8510

Attorney of Record for Appellee

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December 2014, a true and correct copy of the foregoing Appellee's Opposition to Motion to Dismiss Settlement Order for Lack of Bankrupcty and Federal Subject Matter Jurisdiction was mailed by first class, postage prepaid to:

Stephen Thomas Yelverton
601 Pennsylvania Ave., N.W.
Suite 900 South
Washington, D.C. 20004

Alexandria Senyi de Nagy-Unyom
1260 21st Street, N.W., #901
Washington, D.C. 20036


/s/ Natalie S. Walker
Natalie S. Walker
1775 K Street, N.W., Suite 600
Washington, D.C.  20006
(202) 659-8510