# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 14-7149**　　　　　　　　　　　　　　　　**September Term, 2014**

**1:12-cv-01539-CRC**

**Filed On:** March 9, 2015

In the Matter of: Stephen Thomas Yelverton,

------------------------------

Stephen Thomas Yelverton,

　　　　Appellant

　　v.

Wendell W. Webster, Chapter 7 Trustee, et al.,

　　　　Appellees

**BEFORE:** Henderson, Srinivasan, and Pillard, Circuit Judges

## O R D E R

　　Upon consideration of the motion for recusal, the opposition thereto, and the reply; the motion to dismiss, the opposition thereto, and the reply; the motion for summary affirmance and the opposition thereto; the motion to remand, the opposition thereto, and the reply; the motions for leave to request full briefing and oral argument, the oppositions thereto, and the replies; and the request for judicial notice and the supplement thereto, it is

　　**ORDERED** that the motion for recusal be dismissed as moot. In accordance with 28 U.S.C. § 47, no circuit judge will "hear or determine an appeal from the decision of a case or issue tried by him" or her. To the extent appellant wishes to assert a complaint against a federal judge, he must avail himself of the procedures set forth in the Rules for Judicial-Conduct and Judicial-Disability Proceedings, which can be found on the court's web site. It is

　　**FURTHER ORDERED** that the motion to dismiss be denied. Appellant has offered no basis for challenging the appellate jurisdiction of this court or the district court, nor any factual or legal basis for challenging the Bankruptcy Court's determination that the claims defined in the settlement agreement constitute property of the bankruptcy estate. It is

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 14-7149**                           **September Term, 2014**

     **FURTHER ORDERED** that the motions for leave to request full briefing and oral argument be denied.  The matters presented in those motions do not warrant further argument.  It is

     **FURTHER ORDERED** that the motion for summary affirmance be granted and the motion to remand be denied.  The merits of the parties' positions are so clear as to warrant summary action.  See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam).  As the district court determined, the Bankruptcy Court properly approved the settlement agreement pursuant to Federal Rule of Bankruptcy Procedure 9019(a), based on its determination that the settlement is fair and equitable.  See In re Andre Chreky, Inc., 448 B.R. 596, 609-10 (D.D.C. 2011).  Appellant has not shown any abuse of discretion in the denial of his motion to vacate that ruling, or any impropriety in the denial of his motion to compel the Trustee to abandon litigation claims that are part of the global settlement.  Nor has appellant shown any basis for remanding the proceeding to the Bankruptcy Court for a sale of property under 11 U.S.C. § 363.  It is

     **FURTHER ORDERED** that the requests for judicial notice be denied.  No motion is required in order for the court to take judicial notice of official court records, see Veg-Mix, Inc. v. U.S. Dep't of Agric., 832 F.2d 601, 607 (D.C. Cir. 1987), and the documents submitted are not relevant to the disposition of this appeal, see Larson v. Dep't of State, 565 F.3d 857, 870 (D.C. Cir. 2009).

     Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**